IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CEDRIC GREENE                                                                                                    PLAINTIFF

v.                                              Civil No. 26-5034

ST. VINCENT DE PAUL -                                                                                        DEFENDANT
CARDINAL MANNING CENTER

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Cedric Greene, filed this action alleging that the St. Vincent De Paul – Cardinal Manning Center ("Cardinal Manning Center") violated the law by illegally confining him. (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Judge Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint under 28 U.S.C. § 1915(e)(2).

### I.     BACKGROUND

In his Complaint, Plaintiff alleges that the Director of the Cardinal Manning Center issued an illegal restraint of Plaintiff after an employee tested positive for COVID. (ECF No. 1, p. 2). Plaintiff alleges diversity jurisdiction but asserts both he and Defendant reside in the State of California. *Id*. Plaintiff asserts that he wants to live in Arkansas, his place of birth, so he should be considered a citizen of Arkansas. *Id*.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## III. DISCUSSION

While Plaintiff has not cited to any specific statutes or constitutional rights that he feels were violated, the Court must first address the apparent lack of jurisdiction.

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "[F]ederal question jurisdiction . . . grants federal district courts 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Ltd.*, 843 F.3d 325, 328 (8th Cir. 2016). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue sua sponte. *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

While Plaintiff may prefer to live in Arkansas, Plaintiff indicates that he resides in Los Angeles, California. Defendant is a Catholic volunteer organization located in Los Angeles, California.[1] Therefore, there is no diversity of citizenship and Plaintiff indicated he would list monetary damages at a future date. Therefore, Plaintiff has not established diversity jurisdiction under 28 U.S.C. § 1332.

Federal question jurisdiction requires that the civil action arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, Plaintiff has not specifically alleged a violation of any specific Constitutional right, or federal law. Reading the Complaint broadly it

---

[1] https://svdpla.org/aboutsvdpla/ (Accessed February 10, 2026).

appears that Plaintiff believes he was unlawfully confined at the Cardinal Manning Center from September 9, 2021, through September 22, 2021, by the Director of Defendant due to a staff member testing positive for COVID. Plaintiff stated he had no direct contact with the staff member and that other homeless clients were able to leave the facility without authorization or approval.

The Court has considered whether the stated facts give rise to either diversity or federal question jurisdiction. Even read broadly, Plaintiff has not stated a claim over which this Court has jurisdiction.

## IV. CONCLUSION

For these reasons, it is recommended that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

**Status of Referral: Entry of this Report and Recommendation terminates the referral.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 10th day of February 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE